(138 So. 522)

**STATE of Louisiana v. Obeliske BOURG, Evest Guidry, Governelle Bourg, and Ozeme Adams.**

**No. 31413.**

Nov. 30, 1931.

Harris Gagne, of Houma, for appellants.

Percy Saint, Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and E. R. Schowalter, Asst. Atty Gen., for the State.

O'NIELL, C. J.

The appellants were convicted of the crime of taking oysters from another's bedding grounds and were sentenced to pay a fine of $100 each and to serve a term of 30 days' imprisonment in the parish jail. As the fine does not exceed $300, and the term of imprisonment does not exceed 6 months, we are constrained to dismiss the appeal for want of jurisdiction because the statute under which the appellants were prosecuted, Act 258 of 1926, p. 435, prescribes the penalty of fine or imprisonment, or both fine and imprisonment, in the parish jail. The defendants pleaded, by way of a motion in arrest of judgment, that the act of 1926 was unconstitutional, but, by overruling the motion, the judge pronounced the statute constitutional. The appellate jurisdiction of this court in criminal cases is confined to cases where the penalty of death or imprisonment at hard labor may be imposed, or where a fine exceeding $300 or imprisonment for a term exceeding 6 months is actually imposed. The only exception to that rule is that, in any case where the constitutionality or legality of a fine or other penalty imposed by a parish, municipality, or other subdivision of the state, or by any board, is in contest, this court has jurisdiction over the question of constitutionality or legality of the ordinance imposing the penalty; but, on the question of constitutionality of a state statute, in criminal as in civil cases, the court has appellate jurisdiction only when the statute has been adjudged unconstitutional, not when it has been adjudged constitutional. Const. art. 7, § 10.

The appeal is dismissed.